UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA LAHTI,<br><br>                        Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC. and JOHN LEWIS,<br><br>                      Defendants. | Case No.: 23-cv-1313-CAB-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMANDING THIS CASE TO STATE COURT**<br><br>**[Doc. No. 5]** |

Before the Court is Plaintiff Norma Lahti's motion for leave to amend and for remand to state court. [Doc. No. 5]. The motion has been fully briefed, and the Court finds it suitable for determination on the papers. For the reasons set forth, the motion is **GRANTED.**

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff worked at Transdev Services, Inc. ("Transdev") for more than 20 years. Defendant John Lewis ("Lewis") became the general manager of Plaintiff's office in 2020, and allegedly started treating Plaintiff "unfairly and wanted to get rid of her" due to her age and disability. [Doc. No. 5 at 4]. In July 2021, Plaintiff went on approved medical leave due to allegedly being denied accommodations for her physical disability. [Doc. No. 5 at 4-5]. In September 2021, while still on medical leave, Plaintiff visited the office to meet with another supervisor and accidently took home a lost and found phone, which she allegedly returned a few days later. Lewis allegedly asked Plaintiff to come to the office to discuss the matter of the lost phone with an alleged "demanding" and "rude" tone. [Doc. No. 5-1 at ¶ 26]. Plaintiff allegedly refused to meet with Lewis because she

was sick and needed to attend doctor appointments. Shortly after, Lewis placed Plaintiff on administrative leave and Transdev subsequently fired Plaintiff "without meeting with Plaintiff or conducting an adequate investigation." [Doc. No. 5 at 5].

Plaintiff filed the complaint against Defendants Transdev and Lewis in San Diego Superior Court on May 3, 2023. The complaint alleges 11 causes of action, all state law claims arising from the alleged wrongful termination due to Plaintiff's age and disability. Most of the causes of action are asserted against Transdev, but Plaintiff has alleged both negligence and intentional infliction of emotional distress against both Defendants. Plaintiff served Transdev but has yet to serve Lewis.

On July 17, 2023, Transdev timely removed this case to this Court based on federal question and diversity jurisdiction. [Doc. No. 1]. On July 21, 2023, Plaintiff filed the present motion for leave to amend and remand, attaching her proposed first amended complaint. [Doc. No. 5].

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). However, there is a strong presumption against removal jurisdiction and "[t]he defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Pacer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Guas v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Additionally, "doubtful question(s) of state law . . . should be tried in the state court and not determined in removal proceedings." *Smith v. S. Pac. Co.*, 187 F.2d 397, 402 (9th Cir. 1951).

## III. DISCUSSION

Plaintiff argues that remand is appropriate because her first amended complaint would withdraw any reference to federal law, and Lewis was a California citizen at the time of removal. [Doc. No. 5 at 3]. In turn, Transdev argues the case should stay in federal court because federal jurisdiction existed at the time of removal via the Family

and Medical Leave Act ("FMLA"), and Lewis' citizenship should be ignored for purposes of diversity jurisdiction.

### A. Plaintiff's Amended Complaint and Federal Question Jurisdiction

Plaintiff asserts that her original complaint did not directly cite the FMLA as a cause of action, and any reference to the FMLA would be removed from her amended complaint. Leave to amend "shall freely [be] given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). A plaintiff is "the master of [her] complaint" and may "avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Even if Plaintiff's original complaint referenced the FMLA, she is free to amend that complaint to removal all references to a federal statute. The Court hereby **GRANTS** Plaintiff's motion for leave to amend. Plaintiff's amended complaint removes federal question jurisdiction, and the only proper basis for this case to be in federal court would be diversity jurisdiction.

### B. Diversity Jurisdiction

Plaintiff and Lewis are both citizens of California, a fact that would normally destroy diversity jurisdiction. Transdev, a citizen of both Illinois and Maryland, argues that the Court should ignore Lewis' citizenship for two reasons: (1) Lewis was not served at the time of removal, and (2) he was fraudulently joined to Plaintiff's complaint to defeat diversity jurisdiction.

#### 1. Forum Defendant Rule

"[A] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This provision is commonly referred to as the forum defendant rule. "However, the forum-defendant rule does not apply to defendants who destroy diversity." *Parra v. Citizens Telecom Servs. Co. LLC*, No. 23-CV-02962-SPG-PD, 2023 WL 5044925, at *2 (C.D. Cal. Aug. 7, 2023). A case is not removable based on diversity if any plaintiff and any defendant are citizens of the same state, and it

makes no difference whether the in-state defendant has been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969). Because Plaintiff and Lewis are citizens of the same state, there is no diversity jurisdiction despite Plaintiff's failure to serve Lewis with the complaint.

### 2. Fraudulent Joinder

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The Ninth Circuit has found that the standard for fraudulent joinder and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "are not equivalent." *Grancare,* 889 F.3d at 549. Remand to state court is proper if "there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (emphasis in original). The fraudulent joinder standard is more closely analyzed to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction. *Id.* Some district courts have even found a diverse defendant cannot meet its burden of showing fraudulent joinder where it cannot prove that the non-diverse defendant was added to a complaint "*solely* for the purpose of defeating diversity." *Negrete v. Meadowbrook Meat Co.*, No. ED CV 11-1861 DOC, 2012 WL 254039, at *5 (C.D. Cal. Jan. 25, 2012) (emphasis added).

Here, Plaintiff has alleged both negligence and intentional infliction of emotional distress ("IIED") against both Transdev and Lewis. Plaintiff's characterization of Lewis in both the amended complaint and her present motion to amend is that he is "demanding," "rude," and a "bully." [Doc. Nos. 5, 5-1]. These characterizations alone convince the Court that Plaintiff's IIED claim against Lewis is not wholly insubstantial and frivolous. Ultimately, Transdev has not met its high burden to show that Lewis was joined to the complaint *solely* for the purpose of defeating diversity nor has it shown that there is *no possibility* she could prevail on her IIED claim against Lewis.[1] The Court need not go into a 12(b)(6) analysis of whether Plaintiff has stated a claim, and the adequacy of Plaintiff's negligence and IIED claims at the pleading stage are "doubtful question(s) of state law" more appropriately tried in state court. *Smith*, 187 F.2d at 402. The Court finds that Lewis was not fraudulently joined.

## IV.  CONCLUSION

Transdev has not met its burden to show that Lewis was fraudulently joined, and diversity jurisdiction is lacking even though Lewis has not been served. Plaintiff's amended complaint destroys federal question jurisdiction. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

It is **SO ORDERED**.

Dated:  September 19, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court declines to state an opinion on whether the negligence claim against Lewis would prevail.